### SIML v. CLEVELAND RY. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8101. Decided Sept. 17, 1928.

(Middleton, PJ., and Mauck, J., of the 4th Dist., sitting.)

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**RAILROADS.**

(500 D2d) Street car company owes to passenger highest degree of care commensurate with practical operation of car. Requisites of such degree of care depends upon attendant circumstances.

Error to Common Pleas.
Judgment reversed.

Anderson & Lamb and John T. Tetlow, Cleveland, for Siml.

Squire, Sanders & Dempsey, Cleveland, for Railway Co.

### STATEMENT OF FACTS.

Anna J. Siml brought her action against The Cleveland Railway Company claiming damages for injuries which she says she sustained while a passenger in one of the cars of the defendant. She alleged that the car upon which she was riding started with a violent jerk throwing her to the floor. She undertook to assign as the three specifications of negligence that the car was started before she had time to reach a place of safety; and that no warning of the starting of the car was given her and that the car was started with a violent, sudden extraordinary and unnecessary jerk. Issue was joined upon this petition and the jury returned a verdict for the defendant. A judgment was entered upon the verdict and the plaintiff now seeks a reversal of that judgment.

MAUCK, J.

The principal assignment of error goes to the failure and refusal of the trial court to charge the jury that a carrier of passengers is charged with the highest practicable degree of care in looking to the safety of such passengers. No question is made in this court that a carrier of passengers is subject to this rule of care. In the instant case the plaintiff, before argument, by special request number one, asked the court to direct the jury that the defendant owed the plaintiff passenger "the highest degree of pratical care, and if you find by the greater weight of the evidence that as set out in her petition she was directly caused injury because The Cleveland Railway Company failed, through its employees to exercise such high degree of care for her safety, then I charge you that it is your duty to find that the defendant company was guilty of negligence."

It is not and cannot be claimed that the foregoing does not in a general way state the law.

While we are in some doubt as to the technical sufficiency of the charge above quoted, for the reason suggested, there can be no doubt of the right of the plaintiff to have this principle given to the jury at some time before the submission of the case. After the court had concluded the general charge the plaintiff asked the court "to instruct the jury that as plaintiff was a passenger on this car that the defendant owed to the plaintiff the highest degree of care commensurate with the practical operation of the street car." The court refused to so charge. This was error.

It is apparent that the court wholly ignored the rule requiring carriers of passengers to exercise the highest degree of care practicable. Nor did the court go further as claimed by the defendant in error and unequivocally charge that the defendant should be found guilty of negligence if it operated the car with a sudden, extraordinary, unnecessary and violent jerk. It did say that if it did not so start the car, it was free from negligence, but it never categorically stated that it would be guilty of negligence if that fact were made to appear.

The correct rule, we take it, is that the negligence of the carrier is not fixed by the ordinary or extraordinary character of the jerk, nor by its violence or suddenness. To

escape from a threatened collision with another train or from a fire or some other threatening situation, the highest degree of practicable care might require the carrier to start its car with great violence. What the highest degree of care requires depends upon the attendant circumstances. Always, however, the passenger is entitled to that degree of care, and that rule of law was persistently denied the plaintiff in this case.

The judgment is accordingly reversed and the case remanded for a new trial.

(Middleton, PJ., concurs.)